IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELDON J. BENNETT,                )
                                 )    Civil No. 06-88-JO
        Petitioner,              )
                                 )
   v.                            )
                                 )
GUY HALL,                        )
                                 )    OPINION AND ORDER
        Respondent.              )

Lisa Hay
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his state convictions for Sexual Abuse in the First Degree, Unlawful Sexual Penetration in the First Degree, and Sodomy in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On January 31, 2002, the Marion County Grand Jury returned an indictment charging petitioner with six counts of Sexual Abuse in the First Degree, four counts of Unlawful Sexual Penetration in the First Degree, and four counts of Sodomy in the First Degree. Respondent's Exhibit 102. Pursuant to a plea agreement, petitioner pled guilty to one count of Sexual Abuse in the First Degree, four counts of Unlawful Sexual Penetration in the First Degree, and three counts of Sodomy in the First Degree. The court accepted petitioner's plea and imposed consecutive sentences totaling 875 months or nearly 73 years. Respondent's Exhibit 101.

Petitioner did not directly appeal his convictions, but did file for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Respondent's Exhibit 112. On appeal, the Oregon Court of Appeals granted the state's motion for summary affirmance and the Oregon Supreme Court denied review. Bennett v.

2 - OPINION AND ORDER

Hill, 200 Or. App. 733, 118 P.3d 281 (2005); Respondent's Exhibits 115 & 117.

On January 19, 2006, petitioner filed this action. Petitioner's grounds for relief as set forth in his Petition are as follows:

1. Unquality Representation by Counsel

    Supporting facts: My law[y]er I was appointed Ted Coran on the 28th of January and between February 5th and the 13th I received a letter from Mr Coran declaring that he will not see me until he has received the Police report. I told Mr Coran that I could not read well and that I was mentally disability, so I feel that Mr Coran took [advantage] of my disability and low reading. About the last of February or the f[ir]st week of March was when I seen Coran.

2. Excessive and improper sentence/The court failed to insure a fair and impartial trial and sentencing.

    Supporting facts: I signed a plea bargain for 50 years and the D.A. recommended more time and ne[i]ther the judgmen[t] court or the sentencing court rejected the plea bargain. I was never told that a P.S.I. would overri[de] the plea bargain and I [believe] that the D.A. used the wrong sentencing grid/she used block 10/A and it should of been 10/H the most or 9/B. I do not have any felonies adult or juvenile.[1]

Respondent argues that petitioner is not entitled to relief because: (1) petitioner has failed to state a claim upon which relief may be granted in that his claims do not allege violations of the federal Constitution; (2) petitioner's grounds for relief

---

[1] I note that petitioner has abandoned any portion of his claim set forth in Ground Two that is based on an unlawful upward departure sentence. Petitioner's Memorandum in Support (#32), p. 1.

3 - OPINION AND ORDER

are procedurally defaulted, and the default is not excused; and (3) the Oregon state court decisions denying relief are neither contrary to nor unreasonable applications of Supreme Court precedent.

## DISCUSSION

### I. Exhaustion and Procedural Default.

The state contends that petitioner's claims are procedurally defaulted because he failed to present any claims of ineffective assistance of counsel to the Oregon Court of Appeals, and the remaining claim of trial court error should have been raised on direct appeal. In response, petitioner contends that in addition to the claim of trial court error, he raised a number of claims in an attachment to his appellant's brief, including claims that the District Attorney ("DA") violated his right to due process and that he received ineffective assistance of trial counsel.

#### A. Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful

4 - OPINION AND ORDER

opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. Gray v. Netherland, 518 U.S. 152, 162 (1996); Sawyer v. Whitley, 505 U.S. 333, 337 (1992); Murray v. Carrier, 477 U.S. 478, 485 (1986).

B. **Analysis**.

Following the PCR trial court's denial of relief, counsel for petitioner filed an appellant's brief in compliance with State v. Balfour, 311 Or. 434 (1991). In "Section B" of the brief, petitioner presented the following assignment of error:

5 - OPINION AND ORDER

> The trial judge made a mistake when he allowed the District Attorney to recommend a higher sentence than was agreed on by the District Attorney and Eldon Bennett to the plea agreement.

Respondent's Exhibit 113, p. 3.

Notably, under the "Argument" section of his brief, petitioner referred to "attached typed" pages and stated that the "District Attorney offer[e]d me a plea bargain of 50 years and asked for a higher sentence." Id.[2] This attachment was petitioner's apparent attempt to raise additional issues on appeal. However, the attachment does not comply with the Oregon Rule of Appellate Procedure requiring that questions and issues to be decided on appeal be raised in the form of an assignment of error. ORAP § 5.45(1).

The state moved for summary affirmance on the basis that petitioner's sole assignment of error, a claim of trial court error, should have been raised on direct appeal and was therefore unpreserved, or alternatively, that the claim disregarded the PCR trial court's factual findings which were supported by evidence in the record. Respondent's Exhibit 114. Notwithstanding the fact

---

[2] Attached to petitioner's brief were four typed pages of what appear to be: (1) references to and excerpts from the sentencing transcript and the plea petition; (2) comments and conclusions related to those documents; (3) a summary of the rules relating to a court's rejection of a plea agreement; (4) a summary of attorney performance standards as they relate to an attorney's initial interview with his or her client and an attorney's obligation to stay in contact with his or her client and to keep his or her client informed; and (5) statements implying that his counsel fell short of those standards. Id. at 4-7.

6 - OPINION AND ORDER

that in its motion for summary affirmance, the state: noted that "[i]n petitioner's *Balfour* section B, he ma[d]e only **one** claim of error"; and confined its arguments to demonstrating why that one claim did not present a substantial question of law, petitioner did not oppose the state's motion, and it was granted by the Oregon Court of Appeals. Respondent's Exhibit 114 & 115 (emphasis added).

Petitioner now argues that regardless of the fact that he raised only one claim or one assignment of error on the pre-printed "Section B" form provided by his appellate attorney, because he raised other issues, including claims of ineffective assistance of counsel, in the attachment to his brief, this court should find those claims were fairly presented to the state courts. Petitioner's Sur-Reply (#38), pp. 2-3. The court is unconvinced. The referenced attachment does not specifically identify additional assignments of error. The state, in its motion for summary affirmance, confined its argument to the one assignment of error that petitioner did identify. And petitioner filed no opposition to the state's motion that would have apprised the Oregon Court of Appeals of the existence of additional claims in the attachment to his brief. Accordingly, petitioner's Ground One claim of ineffective assistance of counsel was not raised in a procedural context in which its merit was considered by the Oregon Appellate courts. As such, it was not properly exhausted and is now procedurally defaulted. Moreover, petitioner makes no showing of

7 - OPINION AND ORDER

cause and prejudice or actual innocence sufficient to excuse such procedural default.

With regard to petitioner's Ground Two claim that the trial court and the prosecutor violated his right to due process, the court need not determine whether petitioner's claim was fairly presented to Oregon's state courts because, as discussed below, it is without merit. See 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

## II. Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that

8 - OPINION AND ORDER

contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410. The state court's application of clearly established law must be objectively unreasonable. Id at 409.

B. **Analysis**

With respect to petitioner's Ground Two claim alleging that the trial court and the DA violated his due process rights when the DA recommended a sentence in excess of fifty (50) years, the PCR trial court made the following pertinent findings:

> the [trial] Judge questioned [petitioner] pretty carefully at the plea, and in the plea petition, which in his deposition, [petitioner] says he didn't read, it says, quite clearly, that both sides are free to recommend.
>
> * * *
>
> the [trial] Court asked [petitioner] many times, Did you understand, Did you understand the plea petition. Did you go over the petition, et cetera, and [petitioner] said yes.

9 - OPINION AND ORDER

> * * *
>
> [I]t's fairly clear that after -- after [petitioner was] sentenced, [he] didn't say anything about complaints that, Hey, my attorney promised me less of a sentence. I mean, [he] just kind of stood there like a lump, it seems to me. I mean, you can't tell from the papers, but I -- you know, I have to tell you that you simply have not proven any of your allegations, and if it were the other way around and the State had to prove -- had the burden of proof, they would have proved it fairly convincingly.

Respondent's Exhibit 111, pp. 8-10.

In support of his argument that the PCR court's decision denying him relief was based on an unreasonable determination of the facts, petitioner contends that: (1) his attorney only showed him that page of the plea petition that he signed (page 4), he did not know that there were more pages, and his counsel told him that if he pled guilty to the eight charges, he would get fifty (50) years; and (2) the wording of the "Maximum Sentence" section of the plea petition supports his contention that his plea was based on his understanding that the DA would recommend a fifty (50) year sentence.[3] Petitioner's Memorandum in Support (#32), pp. 7-8.

---

[3] The "Maximum Sentence" section of the plea petition indicates that the maximum sentence for Sexual Abuse in First Degree is Ten (10) years, and the maximum sentences for Unlawful Sexual Penetration in the First Degree and Sodomy in the First Degree are Twenty (20) years. Respondent's Exhibit 103, p. 2. Petitioner contends in his supporting memo that because the plea agreement did not specify that the twenty-year maximum applied to **each** sexual penetration and sodomy conviction, "[he] apparently understood that the maximum sentence could be ten years, plus twenty years, plus twenty years, which amounted to fifty years." Petitioner's Memorandum in Support (#32), p. 8.

10 - OPINION AND ORDER

In response, the state argues that petitioner's assertion that his attorney only showed him the page of the plea petition which he signed contradicts statements he made to the trial judge indicating that his attorney had read the petition to him before he signed it. Respondent's Reply to Petitioner's Memorandum in Support (#36), p. 5 (citing Respondent's Exhibit 104). Moreover, the state contends that petitioner cannot both assert that his attorney only showed him the last page (page 4) of the petition and rely on the "Maximum Sentence" section (at page 2) to support his position. Id. at 6. Finally, respondent contends that based on statements made by his counsel and the court at the plea hearing, petitioner was well aware that he could receive a sentence in excess of fifty (50) years, and that at no time did he inform the sentencing court that he did not understand the terms of his plea agreement or that he had been promised a lesser sentence. Id. at 7-8 (citing Respondent's Exhibit 111, pp. 9-10).

Based on the foregoing, petitioner's arguments with respect to his Ground Two due process claim do not rise to the level of rebutting the PCR trial court's findings of fact by clear and convincing evidence and my examination of the record supports only the conclusion that the PCR trial court's decision denying relief on the petition was not based on an unreasonable determination of the facts in light of the evidence presented to that court.

///

11 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 3rd day of ~~November~~ December, 2007.

                                          Robert E. Jones
                                          United States District Judge